We'll proceed with the day calendar. Our first case is Baez v. Sessions. Good morning, Honors. My name is Joshua Bardavid, attorney for Petitioner Mr. Baez. At the outset, I would like to maybe make this Court's job a little bit easier. I have reviewed the Court's most recent decision in Doe v. Sessions that was handed down on March 29th. I do concede that, in fact, that forecloses our argument relating to an aggravated felony and renders our argument relating to the Flutie doctrine moot. Based on this decision, we will not be arguing those issues anymore because that is a precedential decision, and I do believe it forecloses those arguments. However, it does not foreclose the Law of the Case doctrine and the Latches arguments, which I would like to focus my arguments on. There was a stipulation negotiated between the parties and agreed to between the parties and accepted expressly on the record as binding on the parties by the immigration judge that the Department would not assert any statutory bar to Mr. Baez's eligibility for cancellation of removal. That became the Law of the Case. As a result, proceedings continued for over two years, a hearing was held, and it was only at the time that the judge was ready to render a decision that the Department chose, without explanation, to change its mind with respect to that stipulation that had already been accepted. The agency . . . First of all, why do you call this a stipulation? It seemed like a rather more informal statement. There's no written stipulation. There's nothing called a stipulation. The judge just says, I think people agreed or I think that people are in agreement about a question of law. Isn't there a difference between a stipulation, we will not make this argument, and a, well, I suppose that's right on the law? No, Your Honor, because this was not a legal determination by the Department. This was a prosecutorial discretion determination that was discussed off the record between myself . . . And why is that irrevocable? Was some consideration given for it? If the government decides that it's not going to raise something and then later changes its mind, at least in the absence of some kind of prejudice, what . . . First of all, are you arguing that that is binding and irrevocable, regardless of prejudice? Or are you arguing that there is some prejudice that ensued? Well, Your Honor, the prejudice prong is not applicable to the law of the case. That's applicable to the latches, and I'm happy to address that. But with respect to the law of the case . . . Why do you think prejudice is not applicable to the law of the case? Your Honor, the law of the case doctrine does not require prejudice to be shown. The law of the case says . . . It certainly contemplates it. But it's not one of the requirements, respectfully, Your Honor. Was there a judicial decision that you were relying on here? Yes, Your Honor. The judges expressed statement on the record that she accepts that the Department would not be raising that issue and that he remains . . . That's not . . . The law isn't . . . The court isn't saying that that's the court's decision. The court is saying, okay, the prosecutor is not going to raise this. And the judge then expressly stated that, therefore, Mr. Baez is eligible for cancellation of removal. So that is a legal determination that, based on the fact that the Department was not raising one of the issues, that he was legally eligible. As long as it's not being raised, he's eligible. And that was an agreement stipulated to by the parties and accepted by the judge. But if then it is raised, he's no longer eligible, at least if it's raised persuasively. Your Honor, what the agency said was the reason that the judge was able to accept the Department's change in its mind was to, quote, correct legal error. But the exercise of a prosecutorial discretionary decision is not a legal error. That is an exercise of discretion reached between the parties in an agreement accepted by the judge, which is the reason why the case proceeded for the next two and a half years. Do you have any citation to authority that supports the position that you're taking? Well, the response to that, Your Honor, would be that because the agency said that it was correcting legal error, when, in fact, it was not legal error, and the agency relied on the case of Quinitary. And Quinitary is entirely inapplicable. The judge cited to in the- Do you have any legal authority that supports your law of the case argument? Which- Has there ever been a case that overturned a judgment based on law of the case in circumstances anything like this? To be honest, no. I have not found- I mean, certainly these facts are extremely unique. But the standard law of the case doctrine in the long case law, as the board said, was that they could rescind or overturn the law of the case where there it is to correct legal error. But it's our position that this was not legal error, that this was a determination reached as a matter of prosecutorial discretion. But then how can it be law of the case? If it's a decision as a matter of prosecutorial discretion, it's not law at all. It's not law of the case. It's not a judicial decision. And the question just becomes, if the government represents during early in litigation, that it's not going to raise a certain argument. And then later it gives notice that it's changed its mind and it's now going to raise that argument. At least in the absence of some prejudice, like, well, you've sprung this on me at the last minute. I'm not prepared to respond to the argument that you're now making because I didn't think that you were going to make it. At least in the absence of that kind of prejudice. I don't understand why the government can't change its mind or why that's got anything to do with law of the case. Well, first, with respect to the law of the case, because it became a legal determination that he was statutorily eligible for cancellation, he relied on that legal determination, that legal determination whether or not. Well, how did he rely on it other than thinking, dodged a bullet? What did he or his counsel do that affected how the case went? Well, there's several responses to that, Your Honor. The first is that he proceeded with the understanding that he would be eligible. Had he been informed at an early stage in the proceeding, rather than actually literally at the day the judge is issuing a decision, the department had changed his mind, he could have done various things such as seeking to vacate the conviction that might have made him statutorily ineligible. Those were not pursued because he presumed he was statutorily eligible based upon the judge's. Was there an argument then made to the judge? Wait, judge, they just changed their minds. Now, we should get an opportunity to go back and try to vacate the conviction as we would have done if we had known a year ago that this was going to happen? There was an argument presented to the judge that the department's sudden change in mind at the date of the decision was certainly prejudicial to the respondent or to Mr. Baez, the respondent below. Yeah, but I mean that could be cured, right? If the judge said, assume for the moment that we would think that that is the kind of prejudice, that he could have gone back and sought to vacate the conviction, that could be cured, right? If an application was made to the judge, I want time now to go back and do that because it's not fair to let the case go forward, so I need a continuance. That's a different argument than the argument, hold them to this forever because it was really a good deal that he offered me or really a good advantageous to us that he did that, so don't pull the rug out from under us. That's a different argument. Well, both arguments were raised to the judge, Your Honor, that it was asserted that this was a highly prejudicial. Did you ask for time to go back and seek to have the conviction vacated? That specifically was not requested. That was the thing, that was the step you could have taken to cure the prejudice. The fact that the judge found no prejudice renders that issue moot. I mean the issue of prejudice that it was highly prejudicial. The fact that you didn't ask for it renders it even mooter. Yes, Judge. Can I ask you about laches? It's particularly difficult to apply laches to a government agency like this if it's enforcing a public right. Am I correct about that? Do you challenge the decisions of the circuit about that? We concede that there is the exception to laches that is the public right, but there was nothing alleged by the department that furthered the argument that this was a public right or a public benefit. There was no argument that Mr. Bias presents a danger to the community and that he needed to be deported. The only argument that was presented was that they had changed their mind. There was no specific argument with respect to that the department asserted why this exercise of prosecutorial discretion would be so egregious that it would endanger the public right. But he had at least three prior convictions. It looks like four maybe by my count. Is that relevant? That certainly is relevant, but it was never argued that he remains a danger to the community. I believe that his most recent conviction dated back to 1999. Why isn't it just a public benefit to enforce the law? If the government decides, well, the last prosecutor, in effect, on this case was too soft and we've just changed our minds, why does laches apply to the government when the government is trying to enforce the law? Frankly, this guy is obviously an enormous danger to the community. He has three convictions for which he got a total of 15 days in jail and a $50 fine, none of which occurred in this millennium. So I think the government would have a pretty hard time saying this fellow is a danger to the community in some affirmative way. But why isn't it always a public benefit when the government is accusing someone of a legal violation and trying to enforce the law? That's because it's undermining the government's ability to exercise its prosecutorial discretion to reach stipulations that are therefore accepted by the court. It's the efficient administration of justice that is also being undermined, and that issue was not raised by the department below, and it wasn't asserted by the judge or the Board of Immigration Appeals. And so to undermine certainly the – Mr. Barron, I understand what you're saying. Can I just make sure I understand? You're withdrawing the argument Mr. Baez was not convicted of an aggravated felony, and you're withdrawing the argument Mr. Baez's trip abroad did not render him an arriving alien? Yes. I believe that the 1989 conviction, which falls, unfortunately, four square, but in the interest of complete candor, within the court's decision in Doe, which was just handed down on March 29th of this year. It's the – I just want to clarify. So – The arguments were withdrawn. Yeah, and that renders the remaining arguments relating to the Flutie doctrine and the trip abroad moot because it does fall four square. Because he would be deportable anyway for the aggravated felony. Precisely. All right. Thank you. You have reserved a couple of minutes. Thank you, Your Honors. For the government. May it please the court. I'm Jonathan Robbins here on behalf of the respondent, the Attorney General. Good morning to all of you. In light of the concessions, I won't discuss anything about the aggravated felony conviction or the Flutie doctrine since it appears that all the parties are now in agreement on that, which leaves us with, of course, the doctrine of Blatches and – Let me just ask one question, not about the merits of those issues which have been withdrawn, but about the government's briefing. And I realize it's not your brief. I don't think I've ever seen a position taken by any lawyer in a brief to this court that – I'm just not going to address one of the other side's arguments. But if you'd like me to, let me submit a supplemental brief on it. That struck me as peculiar. Well, I think the – I mean, you can either waive it or you can say it's not worthy of a response or you can make a response. But I'm not sure what it means to say I'm not going to address it. But I will if the court invites me. And then in that case, I want the right to submit a belated supplemental brief that might mean more pages than – you know, it just seems like a very peculiar thing to do. I think it could be considered peculiar, although the way I read the brief, they were relying mostly on this court's decision in Centurion against Sessions, which said that the – which seemed to suggest that the original part of Vartelis I was still intact. Right. And so to me, they were saying that – the briefing attorney was saying that this is controlled squarely by precedent. And I think it also mentioned – Centurion mentions that Indicta, this court, has also suggested that the IRIRA doctrine is overturned fluidly, as have all the other circuits that have addressed the issue squarely. So I think the attorney was saying that if the court – But there was a specific constitutional argument based on Francis against INS. And as to that, the government did this sort of peculiar punt, I thought. But never mind. I understand what you're saying and best use your time to address the things that are an issue. Okay. So let's start with the law of the case. There has been no ruling by the IJ in the case. In fact, I think it's probably helpful to go specifically to the record to the point where Petitioner is claiming that there was this supposed ruling by the IJ. It's on page 153 of the record. Here's exactly what the judge says. He said, We're back on the record. It seems that everyone is in agreement, at least with respect to the fact that the respondent can proceed with a cancellation application with respect to the lodge charge. And if cancellation is granted and it results in an admission of the respondent to the United States, we will at some point later, if that occurs, have to resolve the issue of whether there is any relief with respect to an earlier conviction. So it seems to me, based on the language here, that the IJ is expressly reserving the issue of whether or not the conviction is going to affect his eligibility for relief. So this is not a ruling by the IJ that he is statutorily eligible for cancellation of removal. Now, I'll grant you that it seems a little bit odd to proceed on a discretionary issue with respect to cancellation without first addressing the statutory eligibility. That does seem weird to me. But at the end of the day, the immigration judge is tasked with applying the correct law. And Congress has been very clear that individuals with aggravated felonies do not get the particular form of relief of cancellation of removal. The IJ is not bound by any stipulation in DHS to that effect. The IJ is responsible and tasked with applying the correct law. And in fact, in the law that says when an IJ has a cogent and compelling reason to depart from the law of the case, even if you were to assume this was some type of ruling, one of the cogent and compelling reasons is the need to correct a clear error of law. So what changed? Why did they change their mind? Well, it's very difficult to tell from this record, Your Honor. That's why I asked. Everything that they discussed with this was off the record. So I don't specifically know. I wasn't the attorney down below. But at the end of the discretionary hearing, the IJ did ask the parties about what was going on with the conviction and gave the parties an opportunity to respond. And at that point, DHS, in its response, said that its prior stipulation was legal error. So they seem to be conceding that they made a mistake, at least based on what they filed. I don't know if that's the case. I mean, I'm not sure if there was some sort of off-the-record agreement that they would agree not to raise the issue of statutory eligibility. It's just not in the record. But all I can go with is based on what the law says here. And the law says that this is not a ruling by the IJ, so law of the case doesn't apply. And even if this was somehow considered a ruling, this would have been a clear legal error such that that's a cogent and compelling reason for the IJ to depart from any stipulation by DHS. Well, it just seems unfair. It may not be prejudicial, but it seems it's unfair to represent to them that we're not going to consider that conviction and then change later on in the proceedings. Well, it could potentially be unfair, but we don't really know if it is or not because we don't have anything on the record as to what stipulation. Maybe there was an agreement and Petitioner didn't abide by his part of the agreement. It's not quite clear because we don't have anything on the record. Everything was off the record in that regard. You said it's potentially unfair. It would be unfair if it caused prejudice in some identifiable way. Right, and this is a very easy case of no prejudice because at the end of the day, what we're talking about is a legal classification. The New York statute is, whether or not it's an aggravated felony, is a legal classification. There's no witness Petitioner could present. There's no evidence he could present at trial that's going to render this statute not to be an aggravated felony. In other words, it's purely a legal matter. And the notion that he didn't have an opportunity to respond is just simply not true. He did actually file a response where he had an opportunity to argue that this wasn't an aggravated felony. He didn't do that. He rested solely on the doctrine of latches and on the law of the case doctrine. Did not argue that the actual statute was not an aggravated felony. So he, A, he wasn't prejudiced because he had an opportunity. He didn't request time to try and get the conviction vacated. No, he didn't request any continuance. Didn't suggest that he would seek to try and vacate it. Even to this very day, there's no indication that he's ever sought to vacate his prior conviction. That just simply wasn't raised and therefore is not exhausted. And under, I think it's 1252D, somewhere under 1252, all issues have to be exhausted in order for the court to exercise jurisdiction over those types of claims. So, unless there are any further questions. Yes. I mean, it is, as a matter of law, I think you're absolutely right. It's unquestionably an aggravated felony. It's a Class D felony for which he got probation, which most folks on the streets of New York would not think is remotely aggravated by the standards of the kind of felonies that exist in New York law. But Congress has so classified it. It seems that, Your Honor. And that's what matters. It is what matters, Your Honor. So, unless there are any further questions. We're all set. Thank you. Thank you very much for your time, Your Honors. Everybody. Briefly, Your Honors, just to give an understanding of where the prejudice actually does lie. It's well established that an individual cannot seek simultaneously 212C, former 212C relief, which existed prior to the change in law, the IHRA-IHRA 1996 change in law, at the same time while seeking cancellation of removal. The stipulation provided that the department would not be raising the pre-1996 arrest for the purposes of barring him from relief for cancellation of removal. The intent was that the judge would decide the cancellation of removal application. If that was granted, then the department, in its prosecutorial discretion, could decide whether or not to bring a charge based on the earlier arrest, which is classified as an aggravated felony, where he would then need to seek independent 212C relief, having already addressed the cancellation of removal application. So, basically, what the department was doing was giving him an opportunity to seek one relief, if granted, then separately seek a separate relief because the law said he couldn't seek them both at the same time. Well, when they changed their mind and withdrew their promise not to seek relief A, then you could pursue relief B, right? Correct. I'm still having trouble understanding the prejudice. Again, I realize it's psychologically prejudicial to think you're going to get something, and then the government says they're not going to. But legally speaking, what you just said was, well, because he was pursuing this relief, he wasn't pursuing some other form of relief, right? And the response to that, Your Honor, first would be what I said before, which is that prejudice is not a requirement for law of the case. In order for an exception to the law of the case . . . It is for laches. It is for laches, but we're dealing with law of the case. What's required is clear legal error, and there is no legal error in the department exercising prosecutorial discretion. That is not a legal error. And since the judge accepted on the record the agreement that the department would not raise that bar, that constituted law of the case and, therefore, cannot be said to be clear legal error in the exercise of prosecutorial discretion. Unless the Court has any further questions, we'll rest on our briefs. Thank you. Thank you, Your Honors. We'll reserve decision, and we'll turn to our next witness.